# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                          CASE NO. 8:22-cv-301-WFJ-SPF

AUBURNDALE POLICE
DEPARTMENT,

    Defendant.
_____/

## **O R D E R**

Mr. Hart, a Florida pre-trial detainee at the Polk County Jail, initiated this action *pro se* by filing a civil rights complaint (Doc. 1) in which he alleges he was falsely arrested by the Auburndale police. His failure to pay the filing fee is construed as a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Section 1915(g) provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

---

[1] Although Mr. Hart is a pre-trial detainee, he is subject to § 1915(g) because "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Mr. Hart's prior cases dismissed as either frivolous, malicious, or for failing to state a claim upon which relief may be granted include *Hart v. Judd*, 8:11-cv-1590-T-33TBM (M.D.Fla.); *Hart v. State of Florida*, 8:13-cv-2533-T-30MAP (M.D.Fla.); *Hart v. Knight*, 8:16-cv-1337-T-33JSS (M.D.Fla.); and *Hart v. Hays*, 8:16-cv-1391-T-17TGW (M.D.Fla.). Because he has had at least three prior dismissals that qualify under Section 1915(g) and because he alleges no facts showing he is under imminent danger of serious physical injury, he may not proceed *in forma pauperis*. He may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to filing a new complaint, in a new case with a new case number, upon the payment of the filing fee. The **CLERK** must close the case.

**ORDERED** in Tampa, Florida, on February 7, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

<u>Copy to</u>: Randy A. Hart, *pro se*